# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DENNIS WILLIAMS,                    )        CASE NO.  1:07 CV 1076
                                    )
                    PETITIONER,     )        JUDGE SARA LIOI
                                    )
vs.                                 )
                                    )        MEMORANDUM OPINION
                                    )
                                    )
STUART HUDSON, Warden,              )
                                    )
                                    )
                    RESPONDENT.     )

This action is before the Court upon the application of Dennis Williams (Williams) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1, Petition.) Williams is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a conviction and sentence on counts of involuntary manslaughter, felonious assault, and aggravated robbery and arson. (Doc. No. 6, Return of Writ, Ex. 5 and 6.) For the reasons set forth below, Williams' petition for a writ of habeas corpus is **DENIED**.

## I.

## BACKGROUND

On January 22, 2003, Williams was indicted by a Cuyahoga County Grand Jury on one count of aggravated murder with firearm and felony murder specifications, one count of aggravated arson with firearm specifications, one count of having a weapon while under disability, one count of tampering with evidence and one count of possessing

criminal tools. (Case No. CR 432748.) Williams entered a plea of not guilty to these charges on January 28, 2003. (Doc. No. 6, Ex. 2.)

In a separate grand jury proceeding held on February 20, 2003, Williams was indicted on two counts of felonious assault. (Case No. CR 434020.) Williams pled not guilty to these charges on February 27, 2008. (Doc. No. 6, Ex. 4.)

On June 5, 2003, Williams entered into a plea agreement in both cases whereby he was permitted to plead guilty to involuntary manslaughter, assault, aggravated arson with a three year firearm specification and aggravated robbery with a firearm specification.[1] (Doc. No. 6, Ex. 5 and 6.) As part of the arrangement with the State, Williams agreed to testify against his former co-defendant, Lawrence Royster

Prior to sentencing, Williams filed two successive motions, on June 12, 2003 and July 11, 2003, to withdraw his guilty plea. (Doc. No. 6, Ex. 7 and 9.) Both motions accused trial counsel of coercing Williams into changing his plea. The first motion was denied by the trial court on June 23, 2003 and the second motion was denied on July 24, 2003.[2] (*Id.*, Ex. 8 and 10, respectively.)

Williams was sentenced on September 30, 2003. In Case No. 432748, Williams was sentenced to ten years imprisonment for the involuntary manslaughter conviction, six years for the aggravated arson conviction and two years for aggravated robbery. (Doc. No. 6, Ex. 14.) In Case No. CR 434020, Williams received two concurrent five year prison terms for the felonious assault convictions. (*Id.*, Ex. 13.) The trial court

---

[1] The State nolled all other counts against Williams.
[2] On July 11, 2003, Williams filed a second motion entitled "Motion to Dismiss Ineffective Counsel." (Doc. No. 6, Ex. 11.) Through this motion, Williams sought to set aside his convictions on the grounds that his trial counsel was ineffective. The trial court denied this motion on July 24, 2003. (Doc. No. 6, Ex. 12.)

also ordered that the sentences in each case were to run consecutively for a total of twenty-six years.

Williams filed a timely direct appeal from the sentences on October 30, 2003. (Doc. No. 6, Ex. 17.) Williams sought leave to voluntarily dismiss his appeal on December 17, 2003. (*Id.*, Ex. 18.) The state appellate court granted the motion and dismissed the appeal on December 22, 2003. (*Id.*, Ex. 19.)

On January 15, 2004, the trial court filed nunc pro tunc orders modifying the sentences. (Doc. No. 6, Ex.15 and 16.) As a result of the modification, Williams' aggregate sentence in both cases was reduced to fifteen years. (*Id.*).

Williams continued to seek relief from his convictions in the state court. On September 23, 2004, Williams filed a renewed motion to withdraw his guilty plea. (Doc. No. 6, Ex. 4.) In his motion, Williams maintained that his plea was not voluntary and that he was not guilty. (*Id.*, Ex. 41.) The trial court denied the motion on September 30, 2004.[3] (*Id.*)

Williams also utilized state post-conviction vehicles to attack the validity of his sentence. On December 27, 2004, Williams filed a motion with the trial court to correct his sentence. In this motion, Williams challenged the trial court's failure to impose the statutory minimum sentence as a violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. No. 6, Ex. 28.) The motion was denied by the trial court on January 7, 2005. (*Id.*, Ex. 29.)

---

[3] He filed a subsequent motion to withdraw his guilty plea, based upon similar grounds, on March 7, 2005. (*Id.*, Ex. 43.) This motion was denied by the trial court, as well, on March 15, 2005. (*Id.*, Ex. 45.)

Williams next turned to the state appellate court for relief. On January 24, 2005, he took an appeal from the trial court's decision denying his motion to correct his sentence. (Doc. No. 6, Ex. 30.)  The appeal from the decision to deny a correction of the sentence was denied and the sentence was affirmed by the appellate court on September 6, 2005.[4] (*Id.*, Ex. 36.) Williams appealed to the Ohio Supreme Court on October 21, 2005. (*Id.*, Ex. 39.) In his pro se notice of appeal, Williams raised the following propositions of law:

> 1. THE COURT OF APPEALS ERRED WHEN IT CONCLUDED THAT IT LACKED JURISDICTION TO CONSIDER APPELLANT'S MOTION TO REOPEN HIS APPEAL PURSUANT TO State v. Murnahan (1992), 63 Ohio St. 3d 60, and App.R.26(B) ON GROUNDS THAT NO APPELLATE JUDGMENT HAD BEEN ANNOUNCED OR JOURNALIZED WHICH EXAMINED APPELLANT'S CONVICTIONS.
>
> 2. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHERE COUNSEL ON APPEAL FILED A FRIVOLOUS MOTION TO VOLUNTARILY DISMISS THE APPEAL; [sic] CLAIMING THAT APPELLANT NO LONGER WISHED TO PURSUE AN APPEAL, WHERE NO AGREEMENT BETWEEN APPELLANT AND COUNSEL HAD BEEN MADE.

(*Id.*) Through his second assignment of error, Williams argued that he did not give his

---

[4] Initially, the appeal was dismissed for Williams' failure to file the record with the appellate court. (Doc. No. 6, Ex. 31.) Williams renewed his appeal and filed a copy of the record from the trial court. (*Id.*, Ex. 32.)

4

counsel permission to withdraw his appeal.[5] The State's high court dismissed the appeal as not involving any substantial constitutional question on February 8, 2006. (*Id*., Ex. 40.)

On March 20, 2006, Williams filed a pro se delayed application to reopen the appeal that was dismissed upon his motion on December 17, 2003. (Doc. No. 6, Ex. 20; *See* Ohio App. R. 26(B).) In his Rule 26(B) application, he, again, claimed that he was not consulted by counsel prior to the filing of the motion for a voluntary dismissal of his direct appeal. On August 16, 2006, the state appellate court denied the application on the grounds that Williams' voluntary withdrawal of his appeal precluded a merits review of the issues raised in the appeal and prevented the filing of a journalized decision. (*Id*., Ex. 23.) On October 2, 2006, Williams filed a pro se notice of appeal in the Ohio Supreme Court challenging the August 16, 2006 appellate court decision. (*Id*., Ex. 24.) The appeal was dismissed on November 29, 2006. (*Id.*, Ex. 27.)

The instant petition, brought pursuant to 28 U.S.C. § 2254, was filed on April 12, 2007. (Doc. No. 1, Habeas Petition.) In his application, Williams asserts the following ground for relief:

> **GROUND ONE**: APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.
>
> **Supporting Facts**: Appellate counsel was ineffective when he filed a motion to dismiss Appellant's appeal without appellant's knowledge or consent. 2) Counsel lied claiming that appellant no longer wished to pursue this appeal despite numerous attempt's [sic] by Appellant to withdraw his guilty plea. 3) Counsel never advised appellant that he filed the motion.

---

[5] It would appear from the record that Williams dismissed his appeal to give the trial court jurisdiction to modify his sentence. (*See* Doc. No. 6, Ex. 37.) The resulting modified sentence was 11 years less than the sentence originally imposed. (*Id.*).

(*Id*. at 5.)

Respondent filed his answer and return of writ on September 7, 2007. (Doc. No. 6, Return of Writ.) On December 6, 2007, Magistrate Judge George J. Limbert granted Williams' motion for a 60-day extension of time until January 28, 2008 to file his traverse. (*See* Doc. No. 7, Petitioner's Motion.) Williams failed to file a traverse, and on April 2, 2008, the Court terminated the reference to the Magistrate and returned the case to the Court for further proceedings. The matter is now ripe for resolution.

## II.

## <u>STANDARD OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the

law must be clearly established at the time of the petitioner's conviction. *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

## III.

## LAW AND ANALYSIS

Respondent argues that Williams' petition must be dismissed as untimely. Under the AEDPA, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

A person in custody can toll the limitations period with a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson*, 184 F.3d 467, 467 (5th Cir. 1999).

Once the one-year period has expired, however, a state collateral review proceeding cannot "restart the clock" to revive an otherwise untimely appeal. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Therefore, "section 2244 explicitly distinguishes between the conclusion of direct review, after which the limitation period begins to run, 28 U.S.C. § 2244(d)(1)(A), and post-conviction remedies, during which the limitation period is

merely tolled, § 2244(d)(2)." *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). *See Lopez v. Wilson*, 426 F.3d 339, 345 (6th Cir. 2005).

Respondent maintains that Williams' convictions became final on the date his timely direct appeal was dismissed, on December 22, 2003.[6] Respondent argues that Williams is not entitled to the additional 45 days in which he could have appealed to the Ohio Supreme Court because his voluntary dismissal waived his right to have the State's high court review his appeal. (Doc. No. 6 at 11; *See* Ohio Sup. Ct. Prac. R. 11, § 2(A)(1)(a).) According to respondent, the time for filing a federal habeas corpus action expired one year from the dismissal of the appeal, on December 22, 2004. (*Id.*) As such, respondent represents that the present petition, filed more than three years later, on April 12, 2007, is untimely.

In applying this analysis, respondent rejects the idea that Williams' convictions did not become final until 30 days after the nunc pro tunc entries were filed correcting his sentence. (Doc. No. 6 at 11.) Respondent argues that "the entry affected the length of his sentence only and not the finality or validity of his conviction […]." (*Id.* at 11-12.)

The Court need not reach the issue of whether the convictions or the modified sentence triggered the one-year statutory period in 28 U.S.C. § 2244(d)(1)

---

[6] Respondent actually argues that Williams' conviction in Case No. 432748 became final 30 days after he was sentenced by the trial court on October 2, 2003, or on November 1, 2003. It is respondent's position that Williams' direct appeal only attacked the conviction in Case No. 434020. (*See* Doc. No. 6 at 11.)  In light of the fact that Williams' motion to voluntarily dismiss his appeal identified both cases, and in an abundance of caution, the Court will presume that the appeal covered both cases. (*See Id.*, Ex. 18.)

because even assuming the later date attached to the modification of sentence,  Williams'
petition is still untimely.

The modified sentence was entered on January 15, 2004. Williams did not
take a direct appeal from the sentence, making this new sentence final thirty days later, or
on February 15, 2004. *See* Ohio R. Crim. P. 3. As such, Williams had one year, or until
February 15, 2005, to file his petition.

During this one-year period, Williams filed several post-conviction
motions that had the effect of temporarily tolling the time under 28 U.S.C. §2244(d)(1).
After 220 days had expired, Williams filed a motion to withdraw his guilty plea on
September 23, 2004. This motion tolled the limitations period from the date of the motion
until 30 days after the motion was denied on September 30, 2004.

The limitations period began to run again on October 31, 2004 and
continued to run for 57 days until December 27, 2004, when Williams filed a motion to
correct his sentence. At the time this motion was filed, a total of 277 days had elapsed
from the limitations period. The motion to correct the sentence was denied on January 7,
2005, and Williams took a timely appeal from that decision on January 24, 2005. The
limitations period for filing a federal habeas continued to be tolled until the Ohio
Supreme Court denied the appeal on February 8, 2006. The limitations period ultimately

expired 89[7] days later, on May 8, 2006.[8] Williams' petition filed nearly one year later was, therefore, untimely.

Williams' pro se delayed application to reopen the appeal from his convictions under Ohio R. App. P. 26(B) did not have the effect of further tolling the limitations period. In *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005), the Sixth Circuit addressed the issue of whether a Rule 26(B) application was part of direct review or collateral review. Overruling prior authority, and relying heavily upon a recent decision from the Ohio Supreme Court, the Sixth Circuit found that a Rule 26(B) application "creates a collateral post-conviction procedure, and is not part of the direct right of appeal." *Lopez*, 426 F.3d at 341 (citing *Morgan v. Eads*, 104 Ohio St. 3d 142 (2004)).

Because this appellate vehicle is collateral in nature, it is subject to the "properly filed" requirement. *Id*. at 346. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). Rule 26(B) states that "[a]n application for reopening shall be filed in the court of appeals where the appeal was

---

[7] The final day of the one-year time limit was Sunday, May 7, 2006. Because the final day of the period fell on a Sunday, Williams would have had until the following business day, Monday, February 8, 2006, to file his petition.

[8] Williams filed a second motion to withdrdaw his guilty plea on March 7, 2005. (Doc. No. 6, Ex. 43.) This motion does not factor into the calculation because the limitations period was already tolled due to the appeal from the motion to correct the sentence.

decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 26(B)(1).

Williams' direct appeal was dismissed upon his motion on December 22, 2003. (Doc. No. 6, Ex. 19.) Williams did not file his application to reopen his direct appeal pursuant to Ohio App. R. 26(B) until March 20, 2006, more than two years later. The application was well past the ninety-day time limit set forth in Rule 26(B). Because this untimely collateral appeal did not meet the "properly filed" requirement, it did not toll the statute of limitations. *See e.g., Brownlow v. Konteh*, 2007 U.S. Dist. LEXIS 77968 (N.D. Ohio Oct. 19, 2007).

Further, Williams' untimely petition cannot be rescued by equitable tolling. "Typically, equitable tolling applies only where a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). Williams, who neglected to file a traverse, has failed to present any argument suggesting that he is entitled to such tolling and there is no facially apparent reason to apply equitable tolling in this matter. "[The] petitioner bears the […] burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). *See McClendon,* 329 F.3d at 494..

Clearly, by filing his federal habeas petition on April 12, 2007, Williams failed to file within the one-year limitations period and his petition is untimely. Having

determined that the petition is time-barred, the Court need not consider respondent's alternate argument that Williams failed to exhaust his state remedies.

## IV.

## <u>CONCLUSION</u>

For all the foregoing reasons, Williams' petition for a writ of habeas corpus  (Doc. No. 1) is **DENIED**. This Court hereby certifies, pursuant to 28 U.S.C. § 1919(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

Dated: August 1, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**